UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEWART ABRAMSON, on behalf of himself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| CONNECTED MARKETING, LLC, THE PROSSEN AGENCY, LLC, THE WALLING AGENCY, LLC, and THE ALLSTATE CORPORATION, | ) ) ) ) ) |
| Defendants. | ) |

No. 19 C 3711

Judge Sara L. Ellis

**OPINION AND ORDER**

After Stewart Abramson received unwanted telemarketing calls advertising Allstate insurance policies, he filed this lawsuit against Defendants Connected Marketing, LLC ("Connected Marketing"), The Prossen Agency, LLC ("Prossen"), The Walling Agency, LLC ("Walling"), and The Allstate Corporation ("Allstate"). Abramson alleges that Defendants violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by calling his cellular phone using an automatic telephone dialing system. Defendants Prossen and Walling move to dismiss Abramson's claims for lack of personal jurisdiction, and Prossen additionally moves to dismiss for lack of standing. The Court finds that Abramson has failed to establish that Prossen and Walling have sufficient contacts with Illinois to subject them to jurisdiction in this Court. Accordingly, this Court grants Prossen and Walling's motions to dismiss.

# BACKGROUND[1]

Abramson, a resident of Pennsylvania, has a cellular telephone number with a Pennsylvania area code. On December 13, 2018 and May 3, 2019, Abramson received separate calls from individuals calling on behalf of Allstate. Both calls came from non-working phone numbers with Pennsylvania area codes and included a lengthy pause before a live agent came on the line. On each date, the caller transferred Abramson to an employee of Prossen and Walling respectively, who attempted to sell Abramson Allstate insurance policies. The Walling employee sent Abramson a follow-up e-mail entitled "Hello from Allstate." Doc. 44 ¶ 47. Both Allstate and Connected Marketing are Illinois corporations. Connected Marketing provided Abramson's contact information to Allstate through Prossen.

Prossen and Walling are insurance agencies associated with Allstate. Both Pennsylvania corporations, they have offices in and operate out of Pennsylvania. Prossen and Walling do not conduct business in Illinois, are not registered to do business in Illinois, and do not have a registered agent in Illinois. They do not contact Illinois residents to sell insurance policies or contact Pennsylvania residents to sell Illinois policies. Prossen is solely licensed in Ohio and Pennsylvania, and Walling is solely licensed in New York, Ohio, and Pennsylvania.

Prossen and Walling's websites and offices feature prominent Allstate branding. Prossen uses an allstate.com e-mail domain, and Walling's contact page requires visitors to consent to Allstate's review of any e-mail communications. But both Prossen and Walling's websites feature disclaimers specifically identifying their state licensing and directing prospective out-of-state customers to search allstate.com for another Allstate agent.

---

[1] In addressing the motions to dismiss, the Court is not limited to the pleadings. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Therefore, the facts in this section are taken from the complaint and the additional documents submitted by the parties. The Court resolves all factual conflicts and draws all reasonable inferences in Abramson's favor. *Id.* at 782–83.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) challenges whether the Court has jurisdiction over a party. The party asserting jurisdiction has the burden of proof. *See Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). The Court may consider affidavits and other competent evidence submitted by the parties. *Purdue Research*, 338 F.3d at 782. If the Court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *GCIU-Emp'r Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). The Court will "read the complaint liberally, in its entirety, and with every inference drawn in favor of" the plaintiff. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006) (quoting *Textor v. Bd. of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1983)). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction," however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. The Court resolves any dispute concerning relevant facts in the plaintiff's favor. *Id.* at 782–83. The Court must consider each defendant's contacts with the state individually. *Id.* at 784.

## ANALYSIS

Prossen and Walling each argue that the Court does not have personal jurisdiction over them, and Prossen also contends that Abramson lacks standing. Although Prossen's standing argument implicates the Court's subject matter jurisdiction, the Court has discretion to decide matters of personal jurisdiction first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[T]here is no mandatory 'sequencing of jurisdictional issues.' In appropriate circumstances, . . . a court may dismiss for lack of personal jurisdiction without first

establishing subject-matter jurisdiction." (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578, 584 (1999)). The Court, therefore, first turns to the question of personal jurisdiction.

Abramson brings claims under the TCPA. The TCPA does not authorize nationwide service of process, 47 U.S.C. § 227, and so the Court may exercise jurisdiction over Prossen and Walling only if authorized by the United States Constitution and Illinois law, *Bakov v. Consol. Travel Holdings Grp., Inc.*, No. 15 C 2980, 2016 WL 4146471, at *1 (N.D. Ill. Aug. 4, 2016). Illinois "permits its courts to exercise personal jurisdiction on any basis permitted by the constitutions of both Illinois and the United States." *be2 LLC v. Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011); 735 Ill. Comp. Stat. 5/2-209. To the extent the federal constitutional and Illinois statutory inquiries diverge, "the Illinois constitutional standard is likely more restrictive than its federal counterpart," but both essentially focus on whether exercising jurisdiction over a defendant is fair and reasonable and thus a single inquiry suffices. *KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 732 (7th Cir. 2013); *C.H. Johnson Consulting, Inc. v. Roosevelt Rds. Naval Station Lands & Facilities Redevelopment Auth.*, No. 1:12-cv-08759, 2013 WL 5926062, at *2 (N.D. Ill. Nov. 5, 2013). The Court, thus, asks one question: do Prossen and Walling have "certain minimum contacts with [Illinois] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice[?]'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Millikin v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Personal jurisdiction comes in two forms: general and specific. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). Abramson argues only that the Court has specific

4

personal jurisdiction over Prossen and Walling, and the Court limits its analysis accordingly.[2] Specific jurisdiction exists "when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). "The exercise of specific personal jurisdiction must also comport with traditional notions of fair play and substantial justice." The Court looks to the "defendant's suit-related conduct" and its connection to the forum state; "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden v. Fiore*, 571 U.S. 277, 283, 286 (2014); *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 915–16 (7th Cir. 2015). The Court considers "whether the conduct underlying the claims was purposely directed at the forum state," looking at whether Prossen and Walling engaged in "(1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt—that is, the plaintiff would be injured—in the forum state." *Tamburo v. Dworkin*, 601 F.3d 693, 702–03 (7th Cir. 2010).

Abramson appears to acknowledge that his claims do not arise from any contact Prossen and Walling had with him in Illinois. Instead, he argues that Prossen and Walling purposefully directed their activities at Illinois through their connection with Allstate, an Illinois company, because the purpose of the calls that caused the injury was to sell Allstate insurance policies. According to Abramson, because Prossen and Walling hold themselves out to the public as Allstate agents, they should have expected to be haled into court in Illinois in connection with their insurance business.

---

[2] Even had Abramson argued that the Court has general jurisdiction over Prossen and Walling, the Court would have disagreed because neither has such "continuous and systematic" contacts with Illinois so as to "approximate physical presence." *See Felland v. Clifton*, 682 F.3d 665, 636 (7th Cir. 2012).

The parties disagree as to how to characterize Prossen and Walling's relationship with Allstate. Even treating Prossen and Walling as Allstate's agents, that connection does not subject them to jurisdiction in this state because the Court must assess their contacts with Illinois in connection with the marketing calls to Abramson separately. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there. . . . Each defendant's contacts with the forum State must be assessed individually."); *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000) ("[A]ffiliation with a corporation, without more, is not a sufficient minimum contact."). And Abramson has not demonstrated how the lawsuit arises out of Prossen or Walling's contacts with Illinois. Abramson received the telephone calls outside of Illinois on a cellular telephone with a Pennsylvania area code. Although Prossen and Walling sought to sell him Allstate policies, nothing supports Abramson's contention that because Allstate is based in Illinois, Prossen and Walling sold *Illinois* Allstate policies. Instead, Prossen and Walling only sold policies for states in which they held licenses. In making calls to Abramson, then, they directed their Pennsylvania-based insurance business at a Pennsylvania resident in Pennsylvania, not at Illinois, and Abramson cannot demonstrate an injury in this state. *Cf. Lowe v. CVS Pharmacy, Inc.*, 233 F. Supp. 3d 636, 643 (N.D. Ill. 2017) ("Implicit in [*Tamburo*'s] third requirement is that an injury occurred that is based in the forum state."). Even considering the fact they represented themselves as Allstate agents, because Prossen and Walling did not "market[ ] to or solicit[ ] sales in Illinois, or sell[ ] [their] services or products to Illinois customers," the Court cannot find that they purposefully availed themselves of Illinois so as to subject themselves to this Court's jurisdiction. *Sojka v. Loyalty Media LLC*, No. 14-cv-770, 2015 WL 2444506, at *3 (N.D. Ill. May 20, 2015); *see also Mackey v. IDT Energy, Inc.*, No. 18

C 6756, 2020 WL 108431, at *2 (N.D. Ill. Jan. 9, 2020) (collecting cases finding no personal jurisdiction over "defendants sued by out-of-state plaintiffs for out-of-state injuries, including in the context of claims asserted under the TCPA"). Therefore, the Court dismisses Abramson's claims against Prossen and Walling for lack of personal jurisdiction.[3]

## CONCLUSION

For the foregoing reasons, the Court grants Prossen and Walling's motions to dismiss [34, 58]. The Court dismisses Abramson's claims against Prossen and Walling without prejudice.

Dated: March 9, 2020

SARA L. ELLIS
United States District Judge

---

[3] Given this disposition, the Court need not address Prossen's standing argument.